IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James E. Thayer, Jr.,                                                      Case No. 3:15cv3

        Plaintiff,

        v.                                                           **ORDER**

Commissioner of Social Security,

        Defendant.

       This is a Social Security case in which plaintiff, James E. Thayer, Jr., appeals from the Commissioner's decision denying his continuing disability and applications for Period of Disability (POD), Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*.

       Thayer objects to the Magistrate Judge's Report and Recommendation (R&R) (Doc. 18) and asks I overrule the R&R and reverse the Commissioner's decision. (Doc. 20).

       I have jurisdiction under 42 U.S.C. § 405(g).

       For the following reasons, I adopt in full the R&R, and I affirm the decision of the administrative law judge (ALJ).

**Background**

Numerous decisions have laid out the facts supporting Thayer's applications to the Social Security Administration (SSA), so I only briefly summarize that information here.

After Thayer sustained multiple injuries from a car accident, including traumatic brain damage, the SSA found him disabled on April 1, 1994. (Tr. 25, 137). Thayer received benefits because his impairments met the severity of the Listing for organic mental disorders.

In the years following the initial finding of disability, this case developed a long and complex procedural history.

After the April 1, 1994 determination, the SSA determined Thayer was disabled at various continuing disability reviews (CDRs). The most recent favorable decision finding Thayer disabled was a CDR dated March 23, 2000. (Tr. 25-26).

On July 29, 2005, the SSA determined Thayer was no longer disabled as of May 1, 2005. A State Agency Disability Hearing Officer upheld that determination, finding that the prior March 2000 CDR determination was erroneous and noting that a group one exception to medical improvement applied. (*Id.*).

Upon CDR, an Administrative Law Judge (ALJ) found that Thayer's disability had ended due to medical improvement on May 1, 2005, but did not address the group one exception. The ALJ issued its decision on September 15, 2008. Thayer appealed that decision, and the Appeals Council remanded the case and directed the ALJ to comply with AR 92-2(6) requiring consideration of all evidence of record through the date of the decision, as well as to give Thayer an opportunity for a new hearing and to submit additional evidence. (*Id.*).

In addition, on September 24, 2008, while Thayer's prior unfavorable decision was going through the Appeals Council process, he filed a Title II application for POD and DIB, and a Title

2

XVI application for SSI. In both applications, Thayer alleged disability beginning September 12, 2008. The SSA initially denied these claims on January 14, 2009, and also on reconsideration on June 26, 2009. (*Id.*).

On October 28 and October 31, 2008, psychologist Dr. Beverly Damrauer, conducted a psychological evaluation of Thayer on his attorney's referral. (Tr. 1743-44). Thayer reported that he had not been receiving mental health treatment and was feeling "more and more" depressed and withdrawn. (Tr. 1320).

Dr. Damrauer stated Thayer's speech was within normal limits and there was no evidence of a thought disorder, but Thayer's mood was dysphoric and he "was negative about himself and his life." (Tr. 1322). Thayer's judgment and insight were poor, even though he was polite and cooperative. (*Id.*) Dr. Damrauer explained that Thayer attempted to answer all questions, but it was necessary to ask follow up questions and probe. (*Id.*) The psychologist wrote that "those engaged in day to day conversation with [Thayer] might consider him reasonably conversational and knowledgeable without knowing more that underlies things." (*Id.*)

Dr. Damrauer administered the Wechler Adult Intelligence Scale, an intelligence test, to evaluate Thayer's intellectual and cognitive abilities. (Tr. 1322). Thayer received a full scale I.Q. score of 80, a verbal I.Q. score of 83, and a performance I.Q. score of 81. (*Id.*) These results placed Thayer in the lower end of the average range of intelligence. (Tr. 1324).

Dr. Damrauer also gave Thayer the Wide Range Achievement Test to assess academic achievement levels. His overall performance was in the average to low average range. (*Id.*) To evaluate Thayer's mood and personality functioning, Dr. Damrauer administered various other tests, including the Test of Memory Malingering, the Beck Depression Inventory, the Beck Anxiety Inventory, and a test for attention deficit hyperactivity disorder (ADHD). (Tr. 1323-24.)

3

Dr. Damrauer concluded that Thayer was not employable and that he presented "with a very mixed clinical picture that speaks in combination to serious psychopathology." (Tr. 1324.) She wrote:

> Intellectual/cognitive testing places him overall at the low end of the low average range of intelligence, but his I.Q. scores are misnomers given the inter subtest scatter: half his subtest scores are very deficient below the 3rd percentile while half are average at the 50th percentile. His academic scores are more average to low average and generally better than what would be predicted from his ability measures. This is not unusual in individuals who sustain a TBI [traumatic brain injury] in adult life. These findings suggest James did have functional effects from his auto injury that among other things resulted in a TBI and continuing medical symptoms, including chronic pain. He is functional in the three R's, but he has serious problems with executive function, verbal conceptualization, and processing speed. (*Id.*).

The psychologist also indicated that Thayer had a serious mixed mood disturbance with depressed and hypomatic/restless proclivities. (*Id.*) She diagnosed mood disorder, ADHD, cognitive disorder, substance abuse, and personality disorder. (Tr. 1325.)

Thayer filed a written request for a hearing on August 25, 2009. In its first remand order, the Appeals Council directed the ALJ to associate these subsequent 2008 claims with the remanded claim. The ALJ thus consolidated the various claims. Thayer had an opportunity for a second hearing held on September 16, 2010. On March 24, 2011, after the second hearing, the ALJ found that the Thayer's disability had ended due to medical improvement on May 1, 2005. The ALJ further found that Thayer was not disabled, based on his September 24, 2008 application for POD, DIB, and SSI benefits. (Tr. 25-26).

On May 13, 2011, Thayer filed a second appeal to the Appeals Council and an additional application for POD, DIB, and SSI benefits. Thayer alleged disability beginning March 25, 2011.

The SSA initially denied these additional claims on September 1, 2011, and also on reconsideration on June 4, 2012. (Tr. 25-26).

Thereafter, Thayer filed a written request for a hearing. A hearing took place on July 3, 2013. However, two days after the July 3, 2013 hearing, on July 5, 2013, the Appeals Council remanded Thayer's previous consolidated claims. Further, in its second remand order, the Appeals Council directed the ALJ to determine whether to consolidate all of Thayer's outstanding claims. (Tr. 25-26).

On October 8, 2013, an ALJ held a hearing to supplement the July 3, 2013 administrative hearing. Thayer participated in the hearing, was represented by counsel, and testified. (Tr. 1828-65).

The ALJ considered numerous opinions from medical sources, including Dr. Damrauer. Two state agency psychologists reviewed the record to assess Thayer's residual functional capacity in December 2008 and June 2012 respectively, and while doing so, had access to Dr. Damrauer's October 2008 opinion. (Tr. 697, 1091.) The state agency psychologists found that Thayer could perform at least simple, repetitive tasks. (*Id.*). The ALJ also relied on the opinions of four different consultative psychological examiners, all of whom concluded that Thayer could perform such tasks. (Tr. 41-42, 45-46, 330-34, 358-62, 1452-61, 1739-44).

The ALJ accorded significant weight to the opinions of the state agency reviewing psychologists for portions of the record that their assessments encompassed. (Tr. 44, 376-89, 390-403, 681-98, 1086-91.) The ALJ gave Dr. Damrauer's opinion little weight, noting that the psychologist's I.Q. findings were not consistent with two earlier I.Q. tests. (Tr. 42.) The ALJ accorded no weight to Dr. Damraruer's statement that Thayer was unemployable as it constituted an opinion on a finding reserved for the ALJ. (*Id.*)

On January 13, 2014, the ALJ found Thayer's disability ended on March 23, 2000, and that Thayer had not become disabled again since that date.[1] (Tr. 47-48).

On November 5, 2014, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (Tr. 17-19.)

On January 2, 2015, Thayer filed his complaint to challenge the Commissioner's final decision. (Doc. No. 1). The parties have completed briefing in this matter. (Doc. Nos. 13, 16, 17). Thayer asserts the ALJ erred by not considering Dr. Damrauer's psychological evaluation and test data.

## Standard of Review

When reviewing a Magistrate Judge's R&R, I make a *de novo* determination regarding the portions to which plaintiff objects. *See* 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's decision, I must determine whether substantial evidence supports the ALJ's findings, and whether the ALJ applied the proper legal standards. *See* 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

I may "not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. *See* 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

---

[1] In making its decision, the ALJ consolidated all of Thayer's outstanding claims for benefits, including the following: Thayer's appeal of the original cessation of his disability benefits, which was issued on May 1, 2005; Thayer's Title II and Title XVI claims for benefits, which were filed on September 24, 2008; and Thayer's Title II and Title XVI claims for benefits, which were filed on May 13, 2011. (Tr. 26).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, *supra*, 889 F.2d at 681 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence supports the ALJ's findings, I view the record as a whole, *see Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and consider anything in the record suggesting otherwise. *See Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

**Discussion**

Thayer argues that the: 1) "[t]he Magistrate applies an incorrect legal standard" in finding that "the ALJ was not required to discuss the objective medical finding of Dr. Damrauer's report" (Doc. 19 at 1); and 2) that "it is impossible to properly evaluate the treating psychiatrist's . . . medical source statement without considering the objective medical findings obtained by the clinical evaluation and testing results that make up the substance of Dr. Damrauer's psychological evaluation." (*Id.* at 2-3).

As the Magistrate Judge correctly explained, however, "it is well established that an ALJ is not required to *discuss* each and every piece of evidence in the record for her decision to stand." (R&R at 19) (emphasis in original) (citing, for example, *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004)). Thayer fails to show how the Magistrate Judge erred in enunciating and applying a well-accepted standard.

Thayer bases his second objection on the faulty premise that the ALJ did not consider Dr. Damrauer's report and therefore engaged in a deficient sequential analysis. (Doc. 19 at 2-3). The Magistrate Judge correctly found that "[a] review of the ALJ's decision indicates that the ALJ

7

adequately considered Dr. Damrauer's report and explained why she discounted the opinion." (R&R at 20).

Notably, Thayer's objection points to specific evidence that the ALJ did, in fact, consider Dr. Damrauer's report. (Doc. 19 at 3) ("The evaluation report is in a small type font and difficult to read; however that is not reason for skipping over its content and calling it 'a third IQ test.'"). Thus, Thayer's own objection concedes that the ALJ actually considered the evidence.

Rather than demonstrating that the ALJ failed to consider Dr. Damrauer's report, Thayer merely points to part of the report the ALJ cited to that he believes should have been specifically discussed. Again, however, the ALJ was not required to discuss every piece of evidence. *See Thacker*, 99 F. App'x at 665. That is especially so where, as here, it is evident that the ALJ actually considered the evidence in question. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.").

Ultimately, Thayer's rehashing of certain evidence does not merit reconsideration when "[he] has not directed the Court to any functional limitations that Dr. Damrauer assigned, which the ALJ ought to have addressed." (R&R at 20). On objection, Thayer still does not allege that the ALJ should have considered specific functional limitations that Dr. Damrauer assessed. (Doc. 19 at 2-3). Absent an opinion on limitations that the ALJ completely ignored, there is no basis for remand because the ALJ would make the same disability determination. *See Shkabari v. Gonzales*, 427 F.3d 324, 328 (6th Cir. 2005) (remand appropriate only when "there is reason to believe that the remand might lead to a different result").

## Conclusion

Accordingly, I find substantial evidence supports the ALJ's findings of fact, and the ALJ applied the law correctly to those facts. *See Brainard* 889 F.2d at 681. I therefore must affirm. *See* 42 U.S.C. § 405(g); *Kinsella*, 708 F.2d at 1059; *see also Mullen*, 800 F.2d at 545.

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Thayer's objection to the Magistrate Judge's Report and Recommendation (Doc. 19) be, and the same hereby is, overruled; and

2. The Report and Recommendation (Doc. 18) be, and the same hereby is, adopted as the order of this court.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge